UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASC CARKEEK PARK, LLC,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>BP PRODUCTS NORTH AMERICA, INC., *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. C22-00553-LK<br><br>ORDER TO SHOW CAUSE |

　　　　This matter comes before the Court on ASC Carkeek Park LLC's amended complaint. Dkt. No. 3. Plaintiff ASC Carkeek Park LLC ("Aegis Living") has sued BP Products North America, Inc.; Equilon Enterprises, LLC; Jiffy Lube International, Inc.; Shell USA, Inc.; and Shell Oil Products Company, LLC. *Id.* at 1. Aegis Living asserts claims against all defendants for violation of the Washington State Model Toxics Control Act (Washington Revised Code § 70A.305), private nuisance, and negligence; and a claim against Shell USA, Inc. and Shell Oil Products Company, LLC for trespass. *Id.* at 5–9.

　　　　Aegis Living alleges that the Court has subject matter jurisdiction based on diversity of the parties. *Id.* at 3. That allegation appears to be incorrect.

ORDER TO SHOW CAUSE - 1

Federal courts' diversity jurisdiction extends to all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1). Aegis Living is an LLC, Dkt. No. 3 at 2, and "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). According to Aegis Living's cooperate disclosure statement, two of its owners are citizens of Maryland. Dkt. No 8 at 4. The complaint alleges that Defendant BP Products North America, Inc. is also a citizen of Maryland. Dkt. No. 3 at 2. Based on those allegations, this is not an action between citizens of different states.

Because the parties are not diverse and Aegis Living has not asserted any other basis for the Court's jurisdiction, the Court appears to lack subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For that reason, "[i]f the court determines at any time that it lacks subject-matter jurisdiction" over a case, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Accordingly, Aegis Living is ORDERED TO SHOW CAUSE, within 30 days of the date of this Order, why the complaint should not be dismissed for lack of subject matter jurisdiction. If Aegis Living does not do so, this action will be dismissed without prejudice.

The Clerk is directed to place this Order on the Court's calendar for July 14, 2022.

Dated this 14th day of June, 2022.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 2